UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

JAMAL GRANT,
                          Plaintiff,

         v.                         9:07-CV-0614
                                           (DNH)(RFT)

R.K. WOODS, Supt.; L. GAGNIER KBS,
Medical Records Nurse Administrator; and
JOHN DOE, Grievance Supervisor,
                          Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:

JAMAL GRANT
Plaintiff, *pro se*

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

By Decision and Order filed September 20, 2007, this Court ruled that the original pleading filed by *pro se* plaintiff Jamal Grant failed to state a claim upon which relief could be granted pursuant to 42 U.S.C. § 1983. Dkt. No. 6 at 2-3. In light of his *pro se* status, plaintiff was afforded an opportunity to file an amended complaint. *Id*. at 3-5.

Plaintiff's amended complaint is presently before this Court for consideration. Dkt. No. 8.

By the pleadings in this action, plaintiff alleges that defendants improperly denied him access to records relating to an incident which occurred at Attica Correctional Facility on February 23, 2007. At the time this action was commenced in June 2007, plaintiff was confined at Upstate Correctional Facility and had made several attempts to

obtain these documents from officials at Upstate.[1]  Plaintiff claims that the documents are necessary to the successful prosecution of his "assault" claims in the Western District of New York, and that the defendants' conduct is a violation of his rights under the Sixth Amendment.

In the previous Decision and Order, the plaintiff was advised that his complaint, as drafted, failed to state a claim for the violation of his Sixth Amendment rights because he did not identify any legal action which resulted in actual harm he claims to have suffered as a result of the alleged wrongful withholding of requested documents. Dkt. No. 6 at 2-3.  As discussed in that Decision and Order, an inmate alleging a denial of access to courts must show actual injury as a result of the deficient access to the courts.  *Lewis v. Casey*, 518 U.S. 343 (1996).  The cause of the injury must be the inadequacy of the access.  *Id.* at 351.  *Cole v. Artuz*, 2000 WL 760749, *5 (S.D.N.Y. June 12, 2000) *quoting Lewis v. Casey*, 518 U.S. 343, 343 (1995).  *See also Amaker v. Haponik*, 1999 WL 76798, *3 (S.D.N.Y. Feb. 17, 1999); *Warbuton v. Underwood*, 2 F.Supp.2d 306, 312 (W.D.N.Y. 1998) (plaintiff must show that a nonfrivolous claim had been frustrated or was being impeded by prison officials).  Plaintiff was specifically directed to identify in his amended complaint "the legal actions to which he is a party, the effect of the conduct complained of on each of those cases and the ultimate result(s) in such cases."  Dkt. No. 6 at 3.

By his amended complaint, plaintiff states that he is pursuing assault claims in the United States District Court for the Western District of New York in civil action 07-6256.  Dkt. No. 8 at 3-4.  Plaintiff has attached numerous documents as exhibits to his

---

[1] Plaintiff is presently confined at Elmira Correctional Facility.  Dkt. No. 7.

amended complaint which he alleges evidence his efforts to obtain records relating to the incident at Attica.

Upon review of plaintiff's amended complaint and the supporting exhibits, the Court finds that his allegations are not sufficient to state a claim for relief pursuant to § 1983. While plaintiff has provided information regarding his legal action in the Western District, he has not demonstrated that he has suffered actual harm as a result of the alleged wrongful withholding of requested information. According to the docket for *Grant v. Myer*, No. 6:07-CV-6256 (W.D.N.Y.), plaintiff commenced that action on May 17, 2007, by a complaint naming several corrections officials at Attica and DOCS Inspector General Richard Roy as defendants. *See* Dkt. No. 1. By Order filed September 12, 2007, plaintiff was granted leave to proceed *in forma pauperis* and was directed to file an amended complaint. *Id.*, Dkt. No. 4. Plaintiff's amended complaint, that was filed on October 5, 2007, is pending. *Id.*, Dkt. No. 5.

Plaintiff does not allege that the prosecution of his claims in the Western District has been frustrated or impeded by the alleged wrongdoing, and the Court's review of the docket in that action does not reveal any "actual harm." The Court further notes that while the exhibits attached to the amended complaint support plaintiff's claims that several of his attempts to obtain records were unsuccessful, it appears that plaintiff's difficulties stemmed primarily from his lack of knowledge regarding the nature of the various records and, hence, the proper method for obtaining them, rather than from misfeasance by corrections personnel. *See* Dkt. No. 8 at 43 (June 12, 2007 response

from the Inmate Grievance Response Committee ("IGRC")).[2]  Moreover, according to the June 17, 2007 IGRC response, it appears that plaintiff eventually received the documents he was seeking.  *Id*.

Based upon the foregoing, the Court finds that the allegations set forth in the amended complaint are not sufficient to state a claim for relief for the violation of plaintiff's Sixth Amendment rights under § 1983.

WHEREFORE, it is

ORDERED, that

1.  The above action is DISMISSED; and

2.  The Clerk is directed to serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

Dated:   December 7, 2007
         Utica, New York.

United States District Judge

---

[2]  For example, plaintiff requested a copy of the Injury Report from the medical records supervisor at Upstate.  However, as plaintiff was advised, an Injury Report is not maintained in an inmate's medical record, but rather is maintained at the facility where the report was generated.  In order to obtain said report, it must be requested by means of a FOIL request to that facility.  Plaintiff's FOIL request to officials at Upstate was also unsuccessful because the records are maintained at Attica where the incident occurred.